BY THE COURT.
There is some evidence tending to prove a possession in the plaintiff. It is not for us to determine its effect. The motion is overruled.
In the defence a witness was asked the general character of the river to gorge and choke uj> at the breaking up of the ice and in freshes.
BY THE COURT. The general habit or character of the river to dam up at the place of the injury, before and since the erection *389 of the dam, may be very material, in enabling the jury to determine whether the injury complained of resulted from the defendant’s dam, or would have been probably the same in that stage of water without it. The question may be asked.
Giddings objected to.
1. Because at the time it was taken counsel were out of the county at court.
2. Because the magistrate taking the deposition has not certified that the witness was sworn to testify the whole truth.
B. T. Wade and Giddings, for the plaintiff, to jury.
E. Wade and P. Hitchcock contra.
The defendant offered to read a deposition, which
BY THE COURT. There is nothing in the first exception. The second is well taken. The law, 29 O. L. 126, expressly requires it *to be certified that the witness was sworn “ to testify the truth, [381 the whole truth, and nothing but the truth.”
WRIGHT, J. to the jury. The plaintiff claims to be possessed of a piece of land, house and mill, through which Grand river flows, and that the defendants built a dam below on the 1st June, 1831, and flooded the water back, to his injury, and kept it up till the suit brought in May, 1832. No injury was complained of till February. The defendants deny that the injury was occasioned by their dam.
Every owner of jand over which a water course flows, has a right to use the water, but he must use it without inflicting any substantial injury to another, or he is liable.
The plaintiff, to entitle himself to your verdict, must satisfy you by evidence — 1. That his possession was injured. It is urged that the evidence shows the pre-possession in Bishop, to whom the mill was leased. If that is established, it defeats the plaintiff’s right in this action. — 2. That the injury to the plaintiff resulted from the defendants’ dam. The plaintiff has undertaken to prove this to your satisfaction, and if he has failed to do so altogether, or has failed to satisfy you of the troth of this allegation, your verdict will be for the defendants. Hut if the plaintiff was possessed of the mill, &c., and the defendants’ dam has flowed back the water, you will inquire if the dam has been productive of actual' injury to the plaintiff, between its erection in January,. 1831, and the bringing of this suit on the 9th of May, 1832; and you will remark, that it is an, injury to the use of the mill, during that period, for which if the *390 plaintiff has established a right to recover, you should assess the damage. The injury to the freehold is an injury to the owner of it, for which he, and not the occupant, can recover damages.
Verdict for defendant and judgment.